**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4745**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BRANDON MONTEZ GILES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:07-cr-00128-FL-1)

Submitted:  August 27, 2009          Decided:  September 16, 2009

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Montez Giles pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1) (2006) and was sentenced to fifty-five months of imprisonment, near the top of his properly-calculated Sentencing Guidelines range of forty-six to fifty-seven months. On appeal, Giles alleges that the district court committed procedural error because it did not adequately explain its reasons for sentencing him near the top of his Sentencing Guidelines range when counsel had argued for a lower sentence on the basis of family ties. For the reasons that follow, we affirm.

We find no abuse of discretion in the district court's sentence. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 591 (2007). In particular, we find no "significant procedural error." Id. at 597; see United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We apply a presumption of reasonableness on appeal to a within-Guidelines sentence. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2462 (2007); see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable.") (citation omitted). The record is clear that the district court properly calculated Giles' advisory sentencing range, expressly considered various 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009) factors, and

2

adequately explained its chosen sentence.  Gall, 128 S. Ct. at 597.  The court was not required to specifically address Giles' "family ties" argument, although the record indicates the court took this into consideration.  See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating a district court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record") (internal quotations and citation omitted).  Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED